IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

MAR 1 3 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY W.H. DEPUTY

ALFRED JUNIOR MILLS, )
)
    Petitioner, )
)
vs. ) No. CIV-08-743-W
)
RANDY WORKMAN, Warden,[1] )
)
    Respondent. )

## ORDER

On February 12, 2009, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Alfred Junior Mills be denied. The parties were advised of their right to object, and the matter now comes before the Court on Mills' Objection to the Supplemental Report and Recommendation.

Mills was convicted of burglary in the first degree, after former conviction of two or more felonies, in the District Court of Cleveland County, Oklahoma. State v. Mills, No. CF-2003-1229. He was sentenced to a term of imprisonment of thirty (30) years.

In his Petition, Mills has challenged his conviction and sentence, and to the extent, he has reasserted those grounds that he unsuccessfully raised on direct appeal of his state criminal proceedings to the Oklahoma Court of Criminal Appeals ("OCCA"), Mills v. State, No. F-2004-935 (Okla. Crim. April 6, 2007), this Court may only grant habeas relief if the OCCA's adjudication of those grounds "was contrary to, or involved an unreasonable

---

[1] As noted in the Report and Recommendation issued on July 22, 2008, and this Court's Order filed on August 14, 2008, the only proper party respondent in this matter is Randy Workman, Warden.

application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). Mills is therefore only entitled to federal habeas relief on those previously asserted claims if he has demonstrated that the OCCA's adjudication of such claims "was 'legally or factually unreasonable.'" Gipson v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

In applying the foregoing standards, the Court finds that neither the OCCA's decision that Mills was not entitled to relief based upon his arguments regarding the state trial court's failure to give certain jury instructions nor, despite Mills' current unsupported assertion that he plead guilty to the dismissed misdemeanor charge of forcible entry,[2] e.g., 21 O.S. § 1351, the OCCA's rejection of Mills' claims that he was subjected to double jeopardy was contrary to, or an unreasonable application of, clearly-established Supreme Court precedent. The Court further finds that such decisions were not based upon an unreasonable determination of the facts in light of the evidence presented at trial.

The Court likewise finds that Mills has failed to establish his claim of actual prosecutorial vindictiveness or that the OCCA's rejection of this claim was contrary to, or an unreasonable application of, clearly-established Supreme Court precedent. The Court further concludes that the OCCA's findings with regard to this claim were based on a

---

[2]Compare Brief of Appellant at 20 ("jeopardy attached after Mr. Mills asserted his right to a speedy trial in the misdemeanor case, the judge granted his [pro se] Motion [for Speedy Disposition of Pending Charges] and the State dismissed the charges") with Objection to Supplemental Report and Recommendation at 1 ("the record reflects Petitioner was charged with and pled guilty to a misdemeanor charge, then after the State dropped the charges the State filed new charges based on the same set of facts").

reasonable determination of the facts.

In reviewing Mills' challenge to the sufficiency of the evidence presented at trial, the Court is mindful that it must determine "whether, after viewing the evidence in the light most favorable to the . . . [State of Oklahoma ("State")], any rational trier of fact could have found the essential elements of the crime [of burglary in the first degree] beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979)(emphasis deleted) (citation omitted).[3] In examining Oklahoma law, which defines the substantive elements of that crime, e.g., 21 O.S. § 1431, and upon reviewing the evidence as a whole, and in particular, with regard to the element of "breaking," e.g., id ("[e]very person who breaks into"), in the light most favorable to the State, the Court finds that a rational juror could conclude that Mills was guilty of the offense of first degree burglary. The Court further concludes that it cannot find that the OCCA's ultimate decision in connection with this claim "was 'legally or factually unreasonable.'" Gipson, 376 F.3d at 1197-98(quoting Aycox, 196 F.3d at 1178); e.g., Bates v. Workman, 2009 WL 294367 *4 (10th Cir. February 9, 2009) (clearly not settled in Tenth Circuit whether sufficiency of evidence on habeas review is a question of law reviewed under 28 U.S.C. § 2254(d)(1) or question of fact reviewed under 28 U.S.C. § 2254(d)(2))(cited pursuant to Tenth Cir. Rule 32.1).

---

[3] "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. . . . [T]his inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (quoting Woodby v. INS, 385 U.S. 276, 282 (1966))(emphasis deleted)(footnote and other citation omitted).

As to Mills' seventh ground for relief, prosecutorial misconduct, the Court finds that the statements made by the prosecutor during closing his closing argument did not "'so infect[ ] . . . [Mills'] trial with unfairness as to make . . . [his] resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986)(quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). Upon review, the OCCA's decision regarding the statements about which Mills has complained was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

Finally, the Court has examined Mills' grounds for relief based upon the alleged excessiveness of his term of incarceration and upon the cumulative effect of errors allegedly committed during his trial. As to the former ground, Mills sought rehearing of this issue, and on August 27, 2007, the OCCA modified Mills' sentence to twenty (20) years. Mills v. State, No. CF-2004-935 (Okla. Crim. August 27, 2007). In light of this modification and because the OCCA's legal and factual findings in connection with these claims are not manifestly unreasonable, the Court finds that Mills is not entitled to the relief requested.

Based upon the foregoing, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 18] issued on February 12, 2009;

(2) DENIES Mills' Petition file-stamped July 18, 2008; and

(3) ORDERS that judgment in favor of respondent Randy Workman, Warden, issue forthwith.

ENTERED this 13th day of March, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

4